19474

Eugene H. HUTCHINSON, Respondent, v. METROPOLITAN LIFE
INSURANCE COMPANY, Appellant.

(191 S. E. (2d) 157)

*H. C. Bean* of *Carlisle Bean & Hines,* Spartanburg,
*for Appellant,*

220

*Charles B. Ridley, Jr.,* of *Ridley, Simrill & Mckinney,* Rock Hill, *for Respondent,*

August 28, 1972.

BUSSEY, Justice:

In this action upon an insurance policy issued by the defendant-appellant, plaintiff sought to recover total disability benefits at the rate of $50.00 per week for an initial period of fifty-two weeks and for an additional period of two hundred ten weeks, plus hospital benefits in the amount of $460.00. By consent the cause was tried before the presiding judge, without a jury, and his decision awarded the plaintiff relief in accordance with the prayer of the complaint.

We quote the following from the statement of the case:

"Briefly, the plaintiff contended that he suffered an accident on July 8, 1968, which rendered him totally and permanently disabled from ever engaging in any occupation for wage or profit and that a certain period of hospitalization was incurred as a result thereof. Earlier, in 1965, the plaintiff was involved in an accident resulting in varying peri-

ods of total and partial disability with reference to the performance of his duties as a dairy farmer. As a result thereof, he underwent a spinal fusion in May, 1967, which resulted in total disability for all of which he was paid for fifty-two (52) weeks according to the provisions of the policy in question with reference to the performance of his duties as a dairy farmer. Thereafter, without returning to his usual duties as a dairy farmer, and having begun to enter into the beef cattle business during the month of March, 1968, plaintiff incurred the injury complained of in the Complaint and made demand under the policy for payments of benefits in accordance with its terms. The defendant declined payment and this action followed."

Only a few additional facts need to be stated. Because of his inability to continue his duties as a dairy farmer, plaintiff completed the sale of his dairy herd in May 1967, shortly prior to his spinal fusion operation. He commenced building a beef herd in March 1968, believing that he would be able to perform the much lighter duties incident thereto. By July 8th, according to his testimony, he had acquired and was attending to approximately sixty beef cattle. On that date he was involved in another accident and hospitalized for twenty-three days. He subsequently disposed of his beef herd and it is conceded that he is totally disabled within the purview of the policy issued by the defendant.

The policy provided for weekly total disability benefits for an initial period of fifty-two weeks and additionally for another period not exceeding two hundred ten weeks. The contention of the defendant is a rather anomalous one. Although it paid the plaintiff for only fifty-two weeks disability as a result of his accident of December 1965, it now argues that the plaintiff has been totally disabled continuously since that accident, and that, accordingly, a new period of total disability did not commence with the accident of July 8, 1968. It concedes that if plaintiff had returned to a condition of only partial disability before the accident of July 1968, the decision of the lower court was

correct, but argues that there was no evidence reasonably tending to prove that plaintiff had in fact returned to a condition of only partial disability.

The trial Judge expressly found as a fact, upon consideration of the evidence, that the plaintiff had returned to a condition of only partial disability prior to the July 1968 accident and that he was then engaged in earning a livelihood.

■ It is well settled that when, as here, an action at law is by agreement of the parties tried by the judge, without a jury, his findings of fact have the force and effect of a jury verdict upon the issues and are conclusive upon appeal unless unsupported by any competent evidence, or shown to have been influenced by an error of law. See the numerous cases collected in West's South Carolina Digest, Appeal and Error, Key 1008. We have carefully reviewed the evidence and conclude that His Honor's findings of fact are abundantly supported by the evidence and that such findings were not influenced by any error of law. We are accordingly bound by his findings and such are not reviewable on appeal.

■ The trial judge permitted counsel for defendant to bring out from plaintiff on cross examination the fact that he had been receiving total disability benefits from another insurance company continuously since the accident of December 1965. His Honor ruled, however, that he would not give any consideration to such evidence, "unless there is a showing that the policies are identical and that the same criterion exists in both policies because in the world of insurance there are thousands of policies that have different terms." No effort was made by the defendant to make any showing that the policies were, in fact, identical. We find no merit in defendant's contention that this ruling was erroneous.

"Ordinarily, in an action of this kind, evidence of the receipt by the insured of disability benefits under policies of

insurance with other companies is irrelevant to any issue in the case. * * * its receipt by the insured ordinarily sheds no light on whether or not the insured is totally disabled under the policies issued by the defendant. They are separate and distinct liabilities." *Garrett v. Mutual Benefit Life Ins. Co. of N. J.,* 239 S. C. 574, 124 S. E. (2d) 36.

We conclude that all exceptions are without merit and the judgment below is, accordingly,

Affirmed.

Moss, C. J., and LEWIS, BRAILSFORD and LITTLEJOHN, JJ., concur.